# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LILA MARIE BORGES,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

                Defendant.

Case No. 17-CV-1323-JPS

**ORDER**

      Plaintiff, proceeding *pro se*, filed a complaint in this matter and a motion for leave to proceed *in forma pauperis*. (Docket #1, #2). The Court may grant Plaintiff's motion to proceed *in forma pauperis* if it determines that: (1) Plaintiff is truly indigent and unable to pay the costs of commencing this action; and (2) Plaintiff's action is neither frivolous nor malicious. 28 U.S.C. §§ 1915(a), (e)(2).

      As to the first requirement, the privilege to proceed without payment of costs and fees "is reserved to the many truly impoverished litigants who. . .would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). In her motion for leave to proceed *in forma pauperis*, Plaintiff was required to make statements about her income, expenses, and assets under oath. (Docket #2). Her motion is largely blank, however, which leaves the Court unable to determine whether she is truly indigent.

---

[1] Plaintiff named "SSI" as the defendant in her case, but it is plain to the Court that she intended to sue the Commissioner of Social Security for relief from an adverse determination on her right to benefits. *See* (Docket #1 at 1–2). The Court therefore substitutes the appropriate defendant on her behalf.

While she reports that she is unemployed, unmarried, and has no dependents, she gives no information whatsoever about her sources of income or her expenses, if any. *See id.* at 1–2. As for her assets, she states that she does not own a car or home and has no cash or bank accounts. *Id.* at 3. In explaining her circumstances further, Plaintiff avers that she is currently living with her mother and that she has been unable to work as a result of her ongoing medical problems and associated pain. *Id.* at 4.

These averments do not equip the Court with the information it needs to decide her motion for leave to proceed *in forma pauperis*. While the Court acknowledges that it may be difficult for Plaintiff to pay the filing fee if she is not presently working, it is not clear from the record that Plaintiff would be unable "to provide [her]self. . .with the necessities of life" if required to pay the filing fee. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). This may well be true, of course, but Plaintiff simply has not provided the necessary information.

Additionally, the Court cannot determine from the face of Plaintiff's complaint whether her action is frivolous. In her complaint, Plaintiff alleges that her disability benefits were discontinued after a hearing before a judge—who the Court assumes was an administrative law judge ("ALJ") of the Social Security Administration. (Docket #1 at 2). She accuses the ALJ of being biased against her and of failing to review certain relevant evidence. *Id.* at 2–3. Plaintiff requests that her disability benefits be reinstated. *Id.* at 4.

These allegations, construed generously, largely suffice to show that Plaintiff believes she was wrongfully denied disability benefits. However, the Court cannot determine whether Plaintiff appealed the ALJ's adverse decision to the Social Security Appeals Council, which is a necessary

prerequisite to filing suit in this Court. *See Johnson v. Sullivan*, 922 F.2d 346, 348, 352 (7th Cir. 1990).

Thus, the Court has two reasons to doubt this case can proceed in the present posture. Yet rather than deny Plaintiff leave to proceed *in forma pauperis* or dismiss her case outright, the Court will deny the motion for leave to proceed *in forma pauperis* without prejudice and allow Plaintiff fourteen days in which to submit a revised motion which is complete in all material respects. The Court will then review the revised motion and render a decision on whether Plaintiff may proceed without prepayment of the filing fee in this case.

Further, the Court will direct Plaintiff to submit an amended complaint within fourteen days that cures the deficiencies the Court identified above. The Court provides to the public a form complaint specifically crafted for those wishing to make claims based on the denial of Social Security disability benefits. In the form, the plaintiff is given the opportunity to explain her efforts at exhausting her administrative remedies, including the dates of decisions made by the ALJ and the Appeals Council. To ensure that her amended complaint contains this information, the Court is enclosing with this Order a blank copy of the form Social Security complaint.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to *proceed in forma pauperis* (Docket #2) be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file, within **fourteen (14) days** of the date of this Order, (1) a revised motion for leave to proceed

*in forma pauperis* and (2) an amended complaint utilizing the Court's Social Security complaint form, as directed in this Order.

Dated at Milwaukee, Wisconsin, this 13th day of October, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge